1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AARON D. SEYMOUR,                          No.  1:22-cv-01146 GSA (PC)

12                    Plaintiff,                 ORDER DENYING IN ITS ENTIRETY
                                                 MOTION TO INVESTIGATE
13           v.
                                                 (ECF No. 9)
14    DOE 1, et al.,
                                                 ORDER DENYING MOTION FOR
15                    Defendants.                CONTEMPT

16                                               (ECF No. 11)

17

18          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

19    rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

20    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          Before this Court are Plaintiff's two motions,  for the court to investigate his prison and

22    for contempt.  ECF Nos. 9, 11, respectively.  For the reasons stated below, both motions will be

23    denied.

24          I.      MOTION FOR COURT TO INVESTIGATE

25          In Plaintiff's motion to investigate, he states that the prison in which he is currently

26    incarcerated is opening his mail from the Court.  As a result, he asks the Court to investigate and

27    determine who is responsible for doing so.  See ECF No. 9.  Plaintiff also asks the Court to send

28    him a schedule of dates of the events in this case.  Id.

                                                 1

Plaintiff's motion must be denied.  Even if the Court had proper jurisdiction over the prison officials who have allegedly opened his court mail,[1] Plaintiff is advised that court mail is not *legal* mail.  Keenan v. Hall, 83 F.3d 1083, 1084 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (citing Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).  As a result, by opening mail sent to Plaintiff from this Court, prison officials have not violated his rights.

As for Plaintiff's request that the Court send him dates of events in this case, because this case has not been served, there are no court dates at this time.  For these reasons, this motion will be denied in its entirety.

## II.   MOTION FOR CONTEMPT

In Plaintiff's motion for contempt, he asks that this Court be held in contempt because despite the fact that his trust fund account is being debited for the filing fee in this case, his complaint has not been screened.  See generally ECF No. 1.  This, Plaintiff argues, is a clear violation of his due process rights.  Id. at 1.

This motion will also be denied.  The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.[2]  Accordingly, any delay in the proceedings in this case is simply reflective of this fact.

Furthermore, although Plaintiff has a constitutional right to access to the courts, this right does not extend to the issuance of a judicial determination of civil claims within a prescribed period of time.  See Los Angeles Cnty Bar Ass'n v. Eu, 979 F.2d 697, 706-707 (9th Cir. 1992) ("[W]e are unwilling to suggest that the Constitution may dictate or even countenance a time limit on the consideration a judge may give to a civil case."); S.E.C. v. Boyd, No. 95-cv-03174 MSK

---

[1]  Because an operative complaint with cognizable claims and named defendants has yet to be determined and served in this case,  the Court has no jurisdiction to order any prison official to act.

[2]  See Office of the Clerk, United States District Court, Eastern District of California, 2023 Annual Report, "Workload Statistics," p. 33 (2023) ("[O]ur weighted caseload far exceeds the national average . . . ranking us seventh in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

MJW, 2012 WL 1060034, at *2 (D. Colo. Mar. 29, 2012) (citing <u>Los Angeles Cnty Bar</u> and noting absence of decision recognizing right to judicial determination within prescribed period of time).  For these reasons, the motion for sanctions will also be denied.

      Accordingly, IT IS HEREBY ORDERED that:

      1.  Plaintiff's motion for the court to investigate the prison (ECF No. 9) is DENIED in its entirety, and

      2.  Plaintiff's motion for contempt (ECF No. 11) is DENIED.

IT IS SO ORDERED.

   Dated:   **March 13, 2024**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE