UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. MEDINA,<br><br>　　　　　Defendants. | No. 1:22-cv-01146 GSA (PC)<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO COMPEL AS SET FORTH BELOW<br><br>(ECF No. 26)<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 31)<br><br>PLAINTIFF'S SUPPLEMENTAL RESPONSES DUE IN THIRTY DAYS<br><br>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DUE FORTY-FIVE DAYS FROM THE DATE PLAINTIFF SERVES SUPPLEMENTAL DISCOVERY RESPONSES ON DEFENDANT, OR FROM THE DATE HE FAILS TO TIMELY DO SO |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is at the discovery phase of the proceedings.

1

1    Before this Court is Defendant's motion to compel Plaintiff's responses to Defendant's
2    request for production of documents ("RFPs") as well as Defendant's motion for a forty-five-day
3    extension of time to file a motion for summary judgment.  ECF Nos. 26, 31 (respectively).  For
4    the reasons stated below, Defendant's motion to compel will be granted in part and denied in part.
5    Plaintiff will be ordered to serve supplemental responses to Defendant's RFPs and will have
6    thirty days to do so.  Upon receipt of Plaintiff's supplemental responses, Defendant shall provide
7    notice to the Court.  Thereafter, Defendant shall have forty-five days to file his motion for
8    summary judgment.

9    I.    RELEVANT PROCEDURAL HISTORY
10   On September 18, 2024, the Court issued a discovery and scheduling order.  ECF No. 25.
11   In it, discovery was ordered to close and motions to compel were to be filed by December 6,
12   2024.  Id. at 6.
13   On December 5, 2024, Defendant filed the instant motion to compel Plaintiff's responses
14   to Defendant's RFPs, Set One, and Defendant's First Set of Interrogatories.  ECF No. 26.  The
15   docket indicates that Plaintiff never filed a response, nor did he file a request for an extension of
16   time to do so.  See generally Docket.
17   On January 15, 2025, Defendant filed a notice of Plaintiff's failure to file an opposition as
18   well as a reply in support of his motion to compel.  ECF No. 29.  In it, Defendant states that after
19   the motion to compel was filed, Plaintiff did – albeit belatedly – serve responses to his discovery
20   requests.  Id. at 2.  This fact, Defendant acknowledges, makes much of his motion to compel
21   moot.  Id.
22   On December 20, 2025, Defendant filed a motion for a forty-five-day extension of time to
23   file a motion for summary judgment.  ECF No. 31.  In it, Defendant requests the Court move the
24   current February 28, 2025, deadline for pretrial motions either to forty-five days after Plaintiff
25   serves supplemental discovery responses ordered by the Court, or to forty-five days from the date
26   the Court denies his motion to compel.  ECF No. 31 at 2.  The Court considers Defendant's
27   motion to compel, his notice and reply as well as his extension of time request herein.
28   II.   MOTION TO COMPEL, REPLY, AND EXTENSION OF TIME REQUEST

2

      A. <u>Defendant's Motion to Compel</u>

In Defendant's motion to compel, filed December 5, 2025 (ECF No. 26), he states that Plaintiff had failed to respond at all to his RFPs, his first set of interrogatories, his first set of requests for admissions, and argued that this amounted to a failure to diligently prosecute on Plaintiff's part. <u>Id.</u> at 4. The docket indicates that Plaintiff never filed a response to Defendant's motion to compel, nor did he file a request for an extension of time to do so. As a result, Defendant requested that the Court order Plaintiff to respond to Defendant's First Set of Requests for Production of Documents and Defendant's First Set of Interrogatories.

      B. <u>Defendant's Notice of Failure to File Opposition and Reply</u>

In Defendant's reply, docketed January 15, 2025, after informing the Court that Plaintiff <u>did</u> eventually serve him with discovery responses, he acknowledged that this fact makes much of his motion to compel moot. <u>See</u> ECF No. 29 at 2. However, Defendant goes on to indicate precisely which discovery requests that he did receive are insufficient and why.[1] <u>See id.</u> at 3 (first paragraph). Based on this claim, in the reply, Defendant requests that the Court:

1. Deem admitted Plaintiff's responses to his requests for admission ("RFAs") numbers 7[2] and 20[3] because Plaintiff served untimely objections to them with no response (ECF No. 29 at 3-4);

2. Order Plaintiff to (a) sign and verify his responses to his interrogatories and (b) supplement a responsive answer to interrogatory number 7[4] (<u>id.</u> at 3-6), and

3. Order Plaintiff to (a) clarify all his responses to Defendant's RFPs as follows:

---

[1] Defendant states, "Plaintiff only served untimely objections and no responses to RFAs nos. 7 and 20. (*Id*. at AGO [000003], [000005].) Therefore, Plaintiff's responses to Defendant's: (1) Interrogatory no. 7; (2) RFAs nos. 7 and 20; and (3) RFPs nos. 1–17 remain insufficient. (*Id*. at AGO [000003], [000005], [00009–10].)"

[2] RFA No. 7 reads: "Admit that YOU do not have ANY evidence showing DEFENDANT ever threw soap." <u>See</u> ECF No. 29-1 at 24.

[3] RFA No. 20 reads: "Admit that DEFENDANT did not cause YOU to fall on July 21, 2022, when YOU slipped on soap." <u>See</u> ECF No. 29-1 at 25.

[4] In support of this request, Defendant contends that Plaintiff's responses to his interrogatories are neither signed nor verified and that Plaintiff's response to Interrogatory No. 7 is evasive. ECF No. 29 at 5-6.

3

be ordered to disclose whether he has custody and control of documents responsive to his RFP No. 5 – Statements by Persons Supporting His Claims; be ordered to specify the medical report he refers to in his response to his RFP No. 8; be ordered to specify which policies support his claim in his response to his RFP No. 11; be ordered to further specify the CCTV he has referenced in his response to RFP No. 12; be ordered to specify which policies for correctional officers are responsive to RFP No. 15; and be ordered to describe the "specific documents" in his response to RFP Nos. 16 and 17.

See ECF No. 29 at 7-13.

Importantly, the docket indicates that Plaintiff has failed to file any response to Defendant's motion to compel with the Court. In addition, Defendant has not informed the Court that he has since received supplemental responses to his discovery that remedy the above-stated deficient responses, thereby warranting a withdrawal of Defendant's requests.

### C. Defendant's Extension of Time Request

Defendant's recently filed extension of time request asks that he be granted an additional forty-five-days to file a motion for summary judgment. See ECF No. 31. In support of the request, Defendant points out that he is unable to prepare a motion for summary judgment without having supplemental responses to his discovery from Plaintiff. Id.

### III. DISCUSSION

#### A. Applicable Law

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

#### B. Analysis

Local Rule 230(l) clearly directs litigants to file their oppositions to motions within twenty-one days of their dates of service. See L.R. 230(l). To date, Plaintiff has not filed an

opposition to defendants' motion to compel, nor has he communicated with the Court in any way. These facts, coupled with the fact that the time to reply to Defendant's motion to compel has expired, would permit this Court to deem the motion submitted and rule on it in its entirety.

However, given that Defendant has informed the Court that since the filing of the instant motion to compel, Plaintiff has provided <u>some</u> additional responses to Defendant's discovery requests, the Court will deny in part Defendant's motion to compel as moot. In addition, it will grant Defendant's motion to compel in part, to the extent that it and Defendant's reply seek supplemental responses to the requests that Defendant has clearly identified were deficient. <u>See</u> ECF Nos. 26 and 29 (motion to compel and reply, respectively).

To that end, Plaintiff will be ordered to go through each and every paragraph of Defendant's reply, identify Defendant's stated deficiencies in each of Plaintiff's discovery responses, and serve Defendant with adequate responses. Plaintiff will be given thirty days to do this. Given Plaintiff's unfortunate history of failing to timely respond to discovery and to Defendant's motion to compel, Plaintiff is warned that should he fail to timely provide adequate responses to each of Defendant's discovery requests, he runs the risk of the Court interpreting this as a failure to prosecute, which could result in the dismissal of his case. <u>See</u> Fed. R. Civ. P. 41(b); Local Rule 110.

Finally, in light of the above, Defendant's motion for a forty-five-day extension of time to file a motion for summary judgment after Plaintiff has served his supplementary responses will be granted. Defendant will be directed to provide notice to the Court of the date that Plaintiff serves his supplemental responses – and notice if he has not – so that the Court can calendar the forty-five-day extension period for his dispositive motion from that date.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 26) is DENIED IN PART and GRANTED IN PART as follows:

   a. DENIED IN PART to the extent that Plaintiff has provided responses to <u>some</u> of Defendant's discovery requests which the Defendant now states render portions of his requests in the motion to compel moot,

      b.  GRANTED IN PART, in that Plaintiff is ordered to provide supplemental responses to Defendant's requests described and set forth above in Section II B, and

      **c**.  DENIED IN PART to the extent Defendants request the Court to deem RFA's 7 and 20 admitted.

2.  Within thirty days from the date of this order, Plaintiff shall provide supplemental responses to Defendant's discovery requests as they have been clearly identified in Defendant's reply (see ECF No. 29) as set forth above in section II B.

**In so doing, Plaintiff shall go through each and every paragraph of Defendant's reply, identify Defendant's stated deficiencies in each of Plaintiff's discovery responses, and serve Defendant with adequate ones.**

3.  To the extent that it is helpful, when providing the supplemental discovery responses to Defendant, Plaintiff should also consult Defendant's motion to compel (see ECF No. 26).

**Plaintiff is cautioned that failure to serve the supplementary responses on Defendant within the time allotted may result in a finding that Plaintiff is failing to prosecute this case and/or terminating sanctions.**

4.  Defendant's motion for a forty-five-day extension of time to file a motion for summary judgment after Plaintiff has served his supplemental discovery responses (ECF No. 31) is GRANTED.

5.  On the date that Plaintiff serves his supplemental discovery responses on Defendant <u>or</u> on the date that the thirty-day period within which to do so has ended, Defendant shall provide notice to the Court of this fact. At that point, the Court will calendar Defendant's forty-five-day period to file a motion for summary judgment.

IT IS SO ORDERED.

   Dated:  **February 22, 2025**              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE