UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DOE 1, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:22-cv-01146-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 44) |

　　　　Plaintiff Aaron D. Seymour is appearing pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Medina. (*See* Doc. 17.)

**I.　　RELEVANT BACKGROUND**

　　　　On September 2, 2025, Defendant Medina filed a summary judgment motion addressing the merits of Plaintiff's claim. (Doc. 40.)

　　　　On October 6, 2025, this action was reassigned from Magistrate Judge Gary S. Austin to the undersigned. (Doc. 41.)

　　　　On October 7, 2025, Defendant filed a Notice of Plaintiff's Failure to Oppose Defendant's Motion for Summary Judgment, Submitted in Lieu of Reply Papers, and Request for Dismissal with Prejudice. (Doc. 42.)

　　　　On October 14, 2025, this Court issued its Second Informational Order – Notice and

Warning of Requirements for Opposing Defendant's Summary Judgment Motion. (Doc. 43.) Plaintiff was advised regarding his rights and responsibilities for opposing Defendant's motion for summary judgment, (*id*. at 2-4), and the deadline for filing an opposition or statement of non-opposition was extended to 21 days after the date of service of the order (*id*. at 4).

On November 12, 2025, when Plaintiff failed to file an opposition or statement of non-opposition, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition to Defendant's Motion for Summary Judgment; Plaintiff was to respond in 14 days. (Doc. 44.)

**II.    DISCUSSION**

This Court's Local Rules provide, in relevant part:

> Opposition, if any, to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*). Here, despite the issuance of an OSC, Plaintiff failed to file an opposition to Defendant's summary judgment motion. And as the OSC cautioned, "a failure to respond to this OSC will result in the Court deeming Defendant's motion to be unopposed and submitted." (Doc. 44 at 3, emphasis omitted.) The undersigned considers Defendant's pending summary judgment motion to be unopposed. Thus, no reply brief is necessary, and the motion is submitted for decision. Local Rule 230(*l*) ("All such motions will be deemed submitted when the time to reply has expired"].)

This Court is one of the busiest district courts in the nation. All judges carry heavy caseloads. Defendant's unopposed summary judgment motion will be decided in due course.

**III.    CONCLUSION AND ORDER**

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS**:

1. The OSC issued November 12, 2025 (Doc. 44) is **DISCHARGED**;

2. Defendant Medina's motion for summary judgment filed September 2, 2026 (Doc. 40)

    is deemed unopposed and under submission; and

  3. The motion will be decided in due course.

IT IS SO ORDERED.

Dated: **December 5, 2025**      /s/ *Sheila K. Oberto*
                  UNITED STATES MAGISTRATE JUDGE